**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4436-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

FINBARR T. DEMPSEY,

    Defendant-Appellant.

_____

Argued November 12, 2020 – Decided  February 8, 2021

Before Judges Alvarez, Geiger, and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 17-09-1334.

Michael J. Beatrice argued the cause for appellant (Michael J. Beatrice, PC, attorneys; Michael J. Beatrice, of counsel and on the brief; Jenna M. Beatrice, on the brief).

Craig A. Becker, Assistant Prosecutor, argued the cause for respondent (Mark Musella, Bergen County Prosecutor, attorney; Craig A. Becker, of counsel and on the brief).

PER CURIAM

On May 17, 2019, a Law Division judge denied defendant Finbarr T. Dempsey's petition for post-conviction relief (PCR) based on ineffective assistance of counsel, and motion for leave to withdraw a guilty plea to fourth-degree operating a motor vehicle during a period of license suspension, N.J.S.A. 2C:40-26(b). The judge stayed defendant's service of the mandatory 180-day county jail sentence required by the statute pending appeal. We now vacate the order, and remand for the court to conduct an evidentiary hearing as to both applications.

Defendant had no valid driver's license when stopped by a Montvale police officer on February 10, 2017. On November 12, 2009, defendant had been sentenced in a New York state court to a one-year period of driver license revocation and a five-year term of probation. The precise nature of the proceedings is unclear, as the exhibit included in the appendix was issued by the New York State Department of Motor Vehicles although captioned "Order of Suspension or Revocation" (emphasis added) and signed by either a judge or court clerk—which is not clear, however, and the signature is illegible. This "Order" imposed both the probationary sentence and the license revocation on defendant.

A subsequent "Order of Suspension or Revocation" issued February 5, 2010, indicates that defendant's driver's license was permanently revoked

effective November 12, 2009. That "order," also issued from the New York State Department of Motor Vehicles, does not bear the signature of a judge or other court official, and appears to emanate from the Commissioner.

The probation department of Rockland County, New York, notified defendant on August 29, 2012, that he would be discharged from probation effective August 30, 2012. Defendant had acquired a lengthy motor vehicle history between 1995 and 2010, including four prior driving while intoxicated (DWI) offenses in New York between 2000 and 2007. His application for reinstatement of driving privileges five years after revocation was denied on September 29, 2017.

In 2010, defendant completed New York state's version of drug court for his alcohol abuse. In a certification submitted in support of his PCR petition and motion to withdraw from his guilty plea, he claimed counsel had advised him he was ineligible for pretrial intervention (PTI) because the charges called for mandatory incarceration of six months. See N.J.S.A. 2C:43-12(b); R. 3:28-1 (deeming persons "charged with a crime, or crimes, for which there is a presumption of incarceration or a mandatory minimum period of incarceration" ineligible for pretrial intervention without prosecutorial consent to consideration). His attorney also advised him to enter a guilty plea to ensure his

A-4436-18

mandatory sentence would be six months, as opposed to the maximum eighteen months.

When defendant entered his guilty plea, defense counsel asked a series of leading questions eliciting only that on the relevant date defendant was driving a motor vehicle, having been convicted in the prior ten years of at least two DWIs. The prosecutor asked only one question, also leading—establishing that when stopped defendant had no driver's license, having been previously suspended for two DWIs.[1] No mention was made of the fact the convictions, and suspensions or revocations, all occurred out-of-state.

In rendering the decision now appealed, the judge found no basis for PCR relief, first, because in her opinion defendant would not have been eligible for PTI had his attorney made such an application. The judge believed a PTI application would have failed because of defendant's conviction history of four DWIs, and that counsel could not be faulted for "failing to raise losing arguments." She further noted that trial counsel did file a motion to dismiss the indictment based on three claims: (1) that defendant had already been punished in New York state in 2009 for driving while under the influence, and therefore could not be punished again (presumably this was a double jeopardy argument);

[1] No challenge is made to the sufficiency of the factual basis elicited when the plea was taken.

A-4436-18

(2) that defendant would not be subjected to mandatory incarceration in New York state for this offense and therefore should not face such punishment here; and (3) that defendant was not noticed of the possibility of an enhanced penalty in New Jersey as required by N.J.S.A. 39:4-50(c).

The judge who accepted the initial plea and sentenced defendant had denied the motion for dismissal, which was immediately followed by defendant's guilty plea. Four days before the scheduled sentencing, counsel informed the court of his client's intent to appeal and requested an adjournment. The judge refused, and the matter proceeded to sentencing. As a result of this review, the judge who denied defendant's PCR petition found that defense counsel's representation overall "was not deficient when measured by an objective standard of reasonableness."

Moving on to defendant's request for leave to withdraw his guilty plea, the court began by opining that since defendant did not deny the act of driving while his license had been "permanently revoked by the State of New York at that time," he failed to meet prong one of the State v. Slater four-prong test. She therefore reasoned that since defendant had no colorable claim of innocence, no further inquiry as to the merits of the other prongs was necessary. State v. Slater, 198 N.J. 145, 158-59 (2009).

A-4436-18

The judge distinguished State v. Perry, 439 N.J. Super. 414 (App. Div. 2015), on the basis that it applied to a universe of drivers which did not include defendant. She opined defendant's conviction fit within Perry's definition of a judicially imposed suspension or revocation. Therefore, since N.J.S.A. 2C:40-26(b) applies to license suspensions imposed by a foreign jurisdiction, State v. Luzhak, 445 N.J. Super. 241 (App. Div. 2016), and the Interstate Driver's License Compact, N.J.S.A. 39:5D-1 to -14, defendant had no colorable claim of innocence on this basis either.

Defendant appeals, claiming the court committed the following errors:

> POINT ONE: THE COURT BELOW COMMITTED REVERSIBLE ERROR IN NOT VACATING DEFENDANT'S GUILTY PLEA TO PREVENT A MANIFEST INJUSTICE.
>
> POINT TWO: THE ENTRY OF THE GUILTY PLEA IN THE SUPERIOR COURT [OF] NEW JERSEY, BERGEN COUNTY MUST BE VACATED TO PREVENT A MANIFEST INJUSTICE AS A RESULT OF THE DEFENDANT HAVING RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
>
> A. The Defendant Received Ineffective Assistance of Counsel and He Would Not Have Pleaded Guilty but for Counsel's Deficient Representation.
>
> B. The Defendant Received Ineffective Assistance of Counsel in That He Was Told He Was

Ineligible for PTI When in Fact He Was Eligible to at Least Apply.

POINT THREE: THE ENTRY OF THE GUILTY PLEA IN THE SUPERIOR COURT OF NEW JERSEY, BERGEN COUNTY MUST BE VACATED TO PREVENT A MANIFEST INJUSTICE AS THE USE OF PRIOR OUT OF STATE DWI CONVICTIONS AS PREDICATE OFFENSES DOES NOT MEET THE PLAIN LANGUAGE OF [N.J.S.A.] 2C:40-26.

State v. O'Donnell, 435 N.J. Super. 351 (App. Div. 2014), reinforced the notion that petitions for PCR made simultaneously with a motion to withdraw a guilty plea are "requests for relief [that] are distinct, and governed by different rules of court." Id. at 368.

We conclude, first, that the court's denial of PCR without an evidentiary hearing was error. It is patently clear that the information defendant supplied in the appendix is not dispositive of the question of whether the suspension in this case was imposed judicially or administratively. It may well be that the seemingly administrative revocation from New York state is equivalent to a judicially imposed suspension in New Jersey, thus under Perry a proper basis for an N.J.S.A. 2C:40-26(b) conviction. But the issue cannot be determined in the absence of a hearing at which time testimony can be elicited as to the meaning of the documents, and more extensive legal arguments conducted on those facts. For example, in New Jersey, the Division of Motor Vehicles (DMV)

cannot issue orders per se, although it has the authority to suspend driver's licenses in certain factual scenarios. See, e.g., N.J.S.A. 39:5-30(a). DMV suspensions, triggered by circumstances such as failure to pay surcharges, are not judicially imposed. See Perry, 439 N.J. Super. at 524. The process may well be different elsewhere, but it has to be clear on the record before the trial judge decides the matter.

A defendant must establish a prima facie case before being entitled to an evidentiary hearing. R. 3:22-10(b). There must be disputed issues of material fact which cannot be resolved except by way of hearing. Ibid. Defendant has done so by virtue of the documents which support his petition.

Additionally, in his certification, defendant claims his attorney informed him that because the statute requires a minimum period of incarceration, he was ineligible for PTI. If the judge hearing the remand finds the assertion is credible, it may have been mistaken legal advice. See State v. Roseman, 221 N.J. 611, 622, 624-25 (2015) (holding "all defendants may apply for admission into PTI" and "[t]rial courts may overrule a prosecutor's decision to accept or reject a PTI application only when the circumstances clearly and convincingly establish that the prosecutor's refusal to sanction admission into the program was based on a patent and gross abuse of . . . discretion.") (second alteration in original) (internal quotations omitted). Should defendant prove this allegation, it may

alone warrant relief. State v. Nuñez-Valdez, 200 N.J. 129, 139-40 (2009) (finding ineffective assistance of counsel where counsel "provid[ed] misleading, material information [to defendant] that result[ed] in an uninformed plea"). That issue was not explored.

With regard to PTI, defendant successfully completed an alcohol rehabilitation program by 2010 and claims he has maintained sobriety since then. He has remained infraction-free since 2007, although admittedly having lost his driver's license, he was poorly situated to commit other driving violations. Although Rule 3:28-1(d) provides that applicants "shall be ineligible for [PTI] without prosecutor consent" for crimes that carry "(1) . . . a presumption of incarceration or a mandatory minimum period of parole ineligibility[,]" the rule also concludes: "[t]o rebut the presumption against admission set forth in subparagraph[] (1) . . . applicants shall include with their application for admission a statement of the extraordinary and compelling circumstances that justify consideration of the application notwithstanding the presumption against admission." We need not determine whether defendant could have made the heightened showing necessary for admission given the mandatory jail term of incarceration called for by the statute. See State v. Roseman, 221 N.J. 611, 622-25 (2015) ("when a statutory presumption against PTI applies . . . a[] defendant can show that PTI is nonetheless warranted through

'facts or materials demonstrating the defendant's amenability to the rehabilitation process.' . . . To overcome the statutory presumption against PTI the defendant must 'show compelling reasons justifying . . . admission, and establish[] that a decision against enrollment would be arbitrary and unreasonable.'"). In other words, a defendant must show something more than that he is a first-time offender remorseful for the commission of the crime—he must also establish "'something extraordinary or unusual' about [his] background." Id. at 623. Here, defendant's point is that he was not even informed about the option of the PTI process, and thus may have been deprived of the opportunity to apply. It is the failure to advise that raises a question of whether counsel provided adequate counsel.

When the trial court does not conduct an evidentiary hearing, we exercise de novo review of the factual and legal conclusions. O'Donnell, 435 N.J. Super. at 373. Doing so, we do not agree that the record on its face supported defendant's automatic rejection from PTI. That no application was made in this case may itself have established a prima facie case of ineffective assistance of counsel.

Second, with regard to defendant's application to withdraw from the guilty plea, we note merely that the first prong of Slater can be interpreted in one of two ways. The Law Division judge chose to interpret the requirement as

meaning that so long as defendant did not dispute the fact he was driving and had no valid license, having lost his ability to obtain a license due to DWIs, he had no colorable claim of innocence. We are not so certain that is the case, as if, pursuant to <u>Perry</u>, he was not serving a judicially imposed term of suspension, then as a matter of law he could not have been found guilty and therefore, as a matter of law, he had a colorable claim of innocence. Furthermore, "[no] factor is mandatory; if one is missing, that does not automatically disqualify or dictate relief." <u>Slater</u>, 198 N.J. at 162. In other words, the judge should have examined all the <u>Slater</u> prongs as applied to this defendant.

During the evidentiary hearing, the parties should be permitted to present proofs regarding the nature of the New York state proceedings. This is necessary for the court to make a thorough decision as to whether ineffective assistance has been established. This is also necessary for the court to decide whether defendant should be granted leave to withdraw his guilty plea.

Reversed and remanded for hearing. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11